IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ANTONIUS BRAXTON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:14cv91-WHA |
| ) | |
| AEROTEK, INC., ) | |
| ) | |
| Defendant. ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This matter came before the court on July 8, 2014, for a scheduled telephone conference; however, plaintiff failed to comply with the court's order directing him to participate in the conference. Upon review of the record of the proceedings in this matter, the court concludes that this action is due to be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for plaintiff's willful failure to comply with orders of the court.

**Background**

Defendants removed this matter to this court in February 2014, several weeks after plaintiff initiated this action by filing a complaint in the Circuit Court of Montgomery County. Thereafter, defendants moved to dismiss plaintiff's claim. The undersigned Magistrate Judge reviewed the motion to dismiss and, by order entered on February 18, 2014, directed the plaintiff to file a response to the motion on or before March 4, 2014. (Doc. # 7). Nothing in the record indicates that plaintiff did not receive the court's order. However, plaintiff did not comply with the court's order directing him to file a response; neither did

he seek modification of the terms of that order.

By written order entered on June 18, 2014, the court set this matter for a telephone conference to be held on June 26, 2014. (Doc. # 12). Defense counsel set up the call as directed, and provided call-in information to plaintiff by letter sent to him via Federal Express, along with a copy of the court's order, on June 18, 2014. (See Doc. # 14, p. 2). The court and defense counsel called in for the conference at the appointed time, but plaintiff failed to do so. He did not thereafter contact the court, by any means, to explain his failure to appear. The court rescheduled the telephone conference by order entered on June 27, 2014, for 9:30 a.m. on July 8, 2014. It directed plaintiff to participate in the conference and advised him that – if he failed to do so – he may be subject to sanctions, including dismissal of this action. (Doc. # 14). Defense counsel again set up the call as directed, and provided call-in information to plaintiff by letter sent to him via Federal Express, along with a copy of the court's order, on June 30, 2014. (See attached letter). Despite the court's warning, plaintiff again failed to participate in the telephone conference call.

During the second scheduled conference, defense counsel advised the court that he (1) left a voice-mail message for the plaintiff on the morning of June 26th, the date of the first scheduled conference, but plaintiff had yet to return his call; (2) sent plaintiff the call-in information for the second scheduled conference by Federal Express, which was delivered to plaintiff's address of record at 2:22 p.m. on July 1, 2014; and (3) attempted to reach plaintiff at 9:23 a.m. – several minutes before the scheduled conference – on his mobile phone, but the call was unanswered and defense counsel was unable to leave a voice message

2

because plaintiff's voice-mail box was full. Plaintiff has not contacted the chambers of the undersigned Magistrate Judge to offer any excuse for failing to comply with the court's order that he participate in the conference.[1]

## Discussion

"If a plaintiff fails to comply with a court order, [the Eleventh] Circuit has held that a district court may *sua sponte* dismiss the case with or without prejudice under Rule 41(b) or its inherent powers where there is both a clear record of willful conduct and a finding that lesser sanctions are inadequate." Levinson v. WEDU-TV, 505 F. App'x. 919, 920 (11th Cir. 2013); see also Betty K Agencies, Ltd. v. M/V MONADA, 432 F.3d 1333, 1337 (11th Cir. 2010)("The Supreme Court also has held that '[t]he authority of a court to dismiss *sua sponte* for lack of prosecution has generally been considered an "inherent power," governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs[.]'")(citing Link v. Wabash R.R. Co., 370 U.S. 626, 630 (1962)).

The court directed plaintiff to respond to the pending motion to dismiss because it appeared that plaintiff's response – particularly regarding whether he concurs with or denies defendant's contention that he has received all of the unemployment compensation payments to which he was entitled as a result of his termination – would assist the court in resolving the motion. The court is satisfied that plaintiff received the order directing him to respond

---

[1] The court proceeds at this point by recommendation for dismissal rather than by show cause order because plaintiff may, by objection to this recommendation, offer his justification – if any exists – for his failure to participate in the July 8, 2014, conference.

to the motion to dismiss by first class mail from the Clerk, sent to plaintiff's address of record. Thereafter, the undersigned scheduled a telephone conference for June 26, 2014, to discuss further proceedings in this matter with the plaintiff and counsel for the defendant and, after plaintiff failed to participate in the first conference, rescheduled the conference for July 8, 2014 . The record demonstrates that plaintiff received sufficient notice of both the initial and rescheduled telephone conferences from the court and, also, from defense counsel via FedEx delivery to his address of record. Plaintiff filed no motion to continue either conference. Plaintiff's appearance in the telephone scheduling conference held on March 12, 2014, demonstrates that plaintiff understands how to call in to participate in such a conference. Additionally, although defense counsel provided his telephone number to plaintiff, plaintiff did not contact defense counsel about either of the scheduled telephone conferences. He also has not telephoned the chambers of the undersigned Magistrate Judge to seek assistance in participating in the scheduled conferences or to provide an explanation for his failure to do so.

The record amply demonstrates plaintiff's willful disregard of the court's orders. Plaintiff's failure to comply with the court's orders has caused defense counsel to expend time and resources to set up each telephone conference, to ensure that plaintiff received instructions regarding how to call in for each conference, and to appear twice before the court. It has also left the court without the response it required from plaintiff on the pending motion to dismiss. After setting aside time on its calendar to address plaintiff's lawsuit, the court has now twice presided over conferences in which it could not accomplish its intended

purpose because of plaintiff's failure to appear. In contrast, the effort plaintiff has expended in this court thus far to prosecute his case is limited to his single appearance, by telephone, for the scheduling conference on March 12, 2014. Plaintiff's failure to participate in the last scheduled telephone conference – after the court warned him that his failure to comply with the court's order might result in dismissal of this action – demonstrates that plaintiff does not intend to prosecute this action or, in the alternative, that he wishes to do so on his own terms rather than those set by the court. Thus, while the court has considered lesser sanctions, it concludes that no lesser sanction than a dismissal without prejudice will suffice to remedy plaintiff's repeated refusal to comply with the court's orders. See Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)("While dismissal is an extraordinary remedy, dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion.").

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this action be DISMISSED, without prejudice, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before July 23, 2014. Any objections filed must identify specifically the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the

District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 9th day of July, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

# HUSCH BLACKWELL

Ryan W. Mitchem
Partner

736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Direct: 423.755.2663
Fax: 423.266.5499
ryan.mitchem@huschblackwell.com

June 30, 2014

**VIA FEDERAL EXPRESS**
Antonius Braxton
914 Hall Street
Montgomery, AL 36104

    Re:    **Antonius Braxton v. Aerotek, Inc.; U.S. District Court for the Middle District of Alabama, Northern Division;
Case No. 2:14-cv-091-WHA-SRW**

Dear Mr. Braxton:

    Pursuant to the Court's Order issued on June 27, 2014 (a copy of which I have enclosed for your convenience), counsel for Defendant Aerotek, Inc. has set up a telephone number for the conference to be held on **Tuesday, July 8, 2014, at 9:30 a.m.** Please use the following information to connect to the telephone conference:

    Call-In Number:    866-677-2133
    Participant Passcode:    34634386

    I will provide the Court with a copy of this letter as noted below. If you have any questions, please do not hesitate to contact me.

    Yours very truly,

    HUSCH BLACKWELL LLP

    RYAN W. MITCHEM
    For the Firm

RWM/msf
Enclosure

cc:    Court's Chambers (propord_walker@almd.uscourts.gov)
        William E. Corum (via e-mail)

Husch Blackwell LLP

CHD-642660-1

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ANTONIUS BRAXTON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:14cv91-WHA |
| | ) | |
| AEROTEK, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

By order entered on June 18, 2014, the court set this matter for a telephone conference to be held on June 26, 2014. (Doc. # 12). Defense counsel set up the call as directed, and provided call-in information to plaintiff by letter sent to him via Federal Express, with a copy of the court's order, on June 18, 2014. (See attached). Plaintiff failed to call in for the telephone conference call. Accordingly, it is

ORDERED that another telephone conference is scheduled for 9:30 a.m. on July 8, 2014. Counsel for defendant is DIRECTED to set up the call. It is further

ORDERED that the plaintiff is DIRECTED to participate in the conference. **If plaintiff fails to participate in the conference as directed, or to comply with any other order of this court, he may be subject to sanctions; such sanctions may include dismissal of this action.**

DONE, this 26th day of June, 2014.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE

# HUSCH BLACKWELL

Ryan W. Mitchem
Partner

736 Georgia Avenue, Suite 300
Chattanooga, TN 37402
Direct: 423.755.2663
Fax: 423.266.5499
ryan.mitchem@huschblackwell.com

June 18, 2014

**VIA FEDERAL EXPRESS**
Antonius Braxton
914 Hall Street
Montgomery, AL 36104

Re: <u>Antonius Braxton v. Aerotek, Inc.; U.S. District Court for the Middle District of Alabama, Northern Division; Case No. 2:14-cv-091-WHA-SRW</u>

Dear Mr. Braxton:

Pursuant to the Court's Order issued on June 18, 2014 (a copy of which I have enclosed for your convenience), counsel for Defendant Aerotek, Inc. has set up a telephone number for the conference to be held on **Thursday, June 26, 2014, at 9:45 a.m.** Please use the following information to connect to the telephone conference:

| | |
|---|---|
| Call-In Number: | 866-677-2133 |
| Participant Passcode: | 34634386 |

I will provide the Court with a copy of this letter as noted below. If you have any questions, please do not hesitate to contact me.

Yours very truly,

HUSCH BLACKWELL LLP

RYAN W. MITCHEM
For the Firm

RWM/rfc
Enclosure

cc: Court's Chambers (propord_walker@almd.uscourts.gov)
    William E. Corum (via e-mail)

Husch Blackwell LLP

CHD-642090-1